# EXHIBIT A

| COMMONWEALTH OF MASSACHUSETTS<br>HAMPSHIRE, SS. | Superior Court Department of the<br>Trial Court of the Commonwealth<br>Civil Action |
|---|---|
| | No. 2280CV00041 |

ALEXANDRA PAQUIN, on behalf of herself
and all others similarily situated

, Plaintiff (s)

SUMMONS

v.

WATERFORD HOTEL GROUP, LLC

, Defendant (s)

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant   :  WATERFORD HOTEL GROUP, LLC

   You are hereby summoned and required to serve upon   Michael Aleo, Esq.   ,
plaintiff's attorney, whose address is   39 Main Street, Northampton, MA   01060   ,
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff's attorney or within a reasonable time thereafter.

   Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff's which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

   Witness, Barbara J. Rouse, Esquire at Northampton, the twenty-eighth
day of   March   , in the year of our Lord two thousand
twenty-two

HAMPSHIRE SUPERIOR COURT

APR 1 5 2022

HARRY JEKANOWSKI, JR.
CLERK/MAGISTRATE

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort – Motor Vehicle Tort – Contract – Equitable relief.

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE COUNTY SUPERIOR COURT

RECEIVED
Superior Court - Hampshire
3/25/2022

```
_____
                              )
ALEXANDRA PAQUIN, on behalf   )   No.
  of herself and all others   )
  similarly situated,         )
                              )
          v.                  )   JURY TRIAL DEMANDED
                              )
WATERFORD HOTEL GROUP, LLC    )
_____)
```

COMPLAINT

The plaintiff, Alexandra Paquin, on behalf of herself and all others similarly situated, brings this wage theft action against the defendant, Waterford Hotel Group, LLC, for recovery of unpaid wages pursuant to 29 U.S.C. §§ 206, 207, 216, and M.G.L. c. 149, §§ 148 and 150.

PARTIES

1. The plaintiff, Alexandra Paquin, resides in South Hadley, Massachusetts. She seeks relief on behalf of herself and all other similarly situated current or former Waterford Hotel Group employees who, like Ms. Paquin (a) performed work for Waterford Hotel Group within the three years preceding the filing of this Complaint; (b) worked in a banquet and/or restaurant position that was not exempt from overtime payment obligations under 29 U.S.C. § 207; and (c) did not receive overtime pay for hours that they worked in excess of 40 hours each week.

2. The defendant, Waterford Hotel Group, LLC ("Waterford Hotel Group"), is a Delaware company that maintains its headquarters at 914 Hartford Turnpike, Waterford, Connecticut 06385, and does business in Massachusetts in its own name and under the name of several other related business entities, which Waterford Hotel Group and its principals own and/or control.

## FACTUAL BACKGROUND

a.   *Background Regarding Waterford Hotel Group*

3. Waterford Hotel Group is a business entity that, either under its own name or that of related business entities, owns and/or operates hotels in a number of states along the eastern United States.

4. Waterford Hotel Group operates several hotels in Massachusetts, including but not limited to the following:

   a. Courtyard by Marriott at 75 Felton Street in Marlborough,

   b. DoubleTree by Hilton Westborough at 5400 Computer Drive in Westborough,

   c. Fairfield by Marriott Cape Cod Hyannis at 867 Iyannough Road in Hyannis,

   d. Hyatt House Boston / Waltham at 54 Fourth Avenue in Waltham,

   e. Inn on Boltwood at 30 Boltwood Ave in Amherst,

   f. New Bedford Harbor Hotel at 222 Union Street in New Bedford, and

   g. The Williams Inn at 101 Spring Street in Williamstown.

5. Waterford Hotel Group also operates at least 25 hotels outside of Massachusetts, including but not limited to one in Arkansas, twelve in Connecticut, five in Florida, four in New York, one in Ohio, one in Pennsylvania, and one in Rhode Island.

6. Waterford Hotel Group is engaged in commerce for the purposes of 29 U.S.C. § 203(s)(1)(A)(i).

7. Waterford Hotel Group's gross annual sales are well in excess of $500,000 for the purposes of 29 U.S.C. § 203(s)(1)(A)(ii).

8. Waterford Hotel Group is an enterprise subject to the Fair Labor Standards Act under 29 U.S.C. § 203(s)(1)(A).

b.  *Background regarding Ms. Paquin's Employment*

9. On or about November 28, 2019, the Waterford Hotel Group hired Ms. Paquin to work in the Banquets Department at the Inn on Boltwood as a "Banquet Chef."

10. During her employment, Ms. Paquin worked as an "employee" of Waterford Hotel Group as defined under 29 U.S.C. § 203(e), and the Waterford Hotel Group has been Ms. Paquin's employer as defined under 29 U.S.C. § 203(d).

11. As a Banquet Chef, Ms. Paquin typically worked as a chef and is responsible for preparing food for catered events.

12. As part of her duties as Banquet Chef, Ms. Paquin would be expected to perform tasks not directly related to

preparing food, such as assisting with cleaning dishes at the end of a shift.

13. Generally speaking, when Ms. Paquin worked as a Banquet Chef, she was referred to as working "back of house," meaning that she was primarily responsible for food preparation and not generally in direct contact with customers and other clientele.

14. Ms. Paquin's supervisors would from time to time direct her to perform work in the restaurant as well.

c.   *Waterford Hotel Group's Failure to Pay Ms. Paquin Overtime*

15. Ms. Paquin was not "employed in a bona fide executive, administrative, or professional capacity" and was therefore not an exempt employee for purposes of Waterford Hotel Group's obligations under 29 U.S.C. §§ 206 and 207.

16. Ms. Paquin was not responsible for managerial tasks, such as: scheduling employee shifts, performing employee performance reviews, disciplining employees, hiring or firing employees, managing financial aspects of the business, or working independently without direction from her supervisors.

17. Ms. Paquin worked at the direction of the following supervisors at the Inn on Boltwood, each of whom were employed by Waterford Hotel Group: Executive Chef (Josean "Tiny" Jimenez), Director of Sales and Catering (Robin Brown), and General Manager (Deborah Hermance).

18. The Inn on Boltwood's General Manager reports to Waterford Hotel Group's Vice President of Operations, Duane Schroder.

19. Throughout her employment at the Inn on Boltwood, Ms. Paquin was paid a fixed salary based on a set hourly wage and a 40 hour work week.

20. Ms. Paquin's starting hourly wage was $24.52.

21. On or about November 21, 2021, Waterford Hotel Group increased Ms. Paquin's hourly wage to approximately $26.90 per hour.

22. Waterford Hotel Group did not pay Ms. Paquin any additional wages for hours that she works each week in excess of 40 hours.

23. Ms. Paquin did not receive tips as part of her compensation.

24. Unless she used her paid vacation or personal time, Ms. Paquin never worked fewer than 40 hours per week.

25. Ms. Paquin's supervisors made it clear to her that they required her to work no less than 50 hours per week.

26. Ms. Paquin's supervisors were aware of the fact that Ms. Paquin regularly worked between 60-70 hours per week and, often times, more than 80 hours per week.

27. Waterford Hotel Group never paid Ms. Paquin overtime wages, i.e., 150% of her normal wage for hours she worked in excess of 40 hours per week.

28. Waterford Hotel Group did not keep track of the hours that Ms. Paquin worked in excess of 40 hours per week, as is required by 29 U.S.C. § 211(c).

d. *Waterford Hotel Group Terminated Ms. Paquin's Employment*

29. Ms. Paquin complained to her supervisors at various times in the past about the number of hours she is required to work without pay.

30. On or about November 26, 2021, Ms. Paquin was working a shift and, after expressing her frustrations to her supervisor about her working conditions and the long hours she was required to work, she left her shift early.

31. On December 2, 2021, Ms. Paquin expressed regret to her supervisors about the fact that she left her shift early, but she also reiterated her frustration with her working conditions.

32. On December 3, 2021, Waterford Hotel Group terminated Ms. Paquin's employment.

e. *Collective Action Allegations*

33. Ms. Paquin brings this collective action on behalf of herself and others who are similarly situated.

34. Waterford Hotel Group makes determinations as to what classification of employees are exempt from federal and state overtime laws.

35. Waterford Hotel Group does not pay various other non-managerial banquet and/or restaurant employees overtime pay for hours that they work each week in excess of 40 hours.

36. Waterford Hotel Group knew or should have known that its failure to pay overtime wages to Ms. Paquin and other similarly situated employees was in violation of 29 U.S.C. §§ 206 and 207.

37. This collective action is filed on behalf of current and former Waterford Hotel Group employees who, like Ms. Paquin, worked in non-exempt banquet and/or restaurant positions but did not receive overtime pay for hours that they worked in excess of 40 hours each week.

38. Waterford Hotel Group has information regarding past and current employees, including their respective positions and contact information, who might qualify as members to the proposed collective action.

39. Ms. Paquin has filed a complaint on behalf of herself and all others similarly situated with the Fair Labor Division of the Office of the Attorney General for the Commonwealth of Massachusetts, and she received authorization from the Office of the Attorney General to pursue a private right of action.

<u>COUNT I</u>
Federal Fair Labor Standards Act
(29 U.S.C. §§ 206, 207, 216)

40. The foregoing is incorporated as if repeated here.

41. Waterford Hotel Group unlawfully failed to pay Ms. Paquin overtime wages as required under 29 U.S.C. § 207. See, e.g., <u>Marzuq v. Cadete Enters.</u>, 807 F.3d 431, 447 (1st Cir. 2015) (reversing District Court's allowance of summary judgment and finding Dunkin' Donuts store managers may be entitled to overtime pay); U.S. Dept. of Labor, Fact Sheet #2: Restaurants and Fast Food Establishments Under the Fair Labor Standards Act, ("Overtime must be paid at a rate of at least one and one-half times the employee's regular rate of pay for each hour worked in excess of 40 hours per week."), available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs2.pdf; Mass.Gov, Minimum wage and overtime information, ("Restaurant employees are exempt from overtime under the state law, but not under federal law."), available at https://www.mass.gov/service-details/minimum-wage-and-overtime-information.

42. Waterford Hotel Group's violation of Ms. Paquin's rights under 29 U.S.C. § 207 was willful and therefore, under 29 U.S.C. § 255(a), the statutory period for which she may recover unpaid overtime wages is extended from two years to three years.

8

COUNT II
Massachusetts Wage & Hour Law
(M.G.L. c. 149, §§ 148 and 150)

43. The foregoing is incorporated as if repeated here.

44. Waterford Hotel Group's failure to pay overtime wages due to Ms. Paquin under the Fair Labor Standards Act is itself a violation of M.G.L. c. 149, §§ 148 and 150, therefore, any wages due to Ms. Paquin, including overtime wages due under federal law, must be trebled pursuant to M.G.L. c. 149, §§ 148 and 150. Lambirth v. Advanced Auto, Inc., 140 F. Supp. 3d 108, 110, 112 (D. Mass. 2015) (denying employer's motion to dismiss and holding that M.G.L. c. 149, §§ 148 and 150 "can be used" by an employee who is exempt from Massachusetts overtime law "as a means of collecting treble damages for unpaid overtime wages due under federal law"); Li v. Foolun, Inc., 273 F. Supp. 3d 289, 292 (D. Mass. 2017) (awarding treble damages because "A failure to pay overtime wages under the FLSA is also a violation of the Wage Act."); Devaney v. Zucchini Gold, LLC, No. 2015-2839, 2018 Mass. Super. LEXIS 2420, at *5 (Nov. 27, 2018) ("Having established their entitlement to single damages under the FLSA at trial, Plaintiffs are entitled to have those single damages trebled for Plaintiffs failure to pay those amounts when due under the Wage Act.").

48. Ms. Paquin seeks recovery for herself and others similarly situated pursuant to M.G.L. c. 149, §§ 148 and 150,

9

for lost wages, liquidated damages, attorney fees, interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court (1) award the plaintiff her lost wages, which shall be trebled; (2) certify a collective action of similarly situated non-managerial employees who have worked for the defendant but who were not paid overtime wages and award member of the class their lost wages, which shall also be trebled; (3) award the plaintiff attorney fees and costs; and (4) and grant such other relief as the Court deems appropriate.

## JURY TRIAL DEMANDED

The plaintiff demands a trial by jury.

Respectfully submitted,
The plaintiff, by her attorney,

Date: March 25, 2022        /s/ Michael Aleo
                            _____
                            Michael Aleo (BBO No. 672071)
                            Lesser, Newman, Aleo, & Nasser LLP
                            39 Main Street
                            Northampton, MA 01060
                            (413) 584-7331 (tel)
                            (413) 586-7076 (fax)
                            aleo@LNN-law.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court | 2 |
|---|---|---|---|
| | | COUNTY Hampshire Superior Court (Northhampton) | |

| Plaintiff | Alexandra Paquin | Defendant: | Waterford Hotel Group, LLC |
|---|---|---|---|
| ADDRESS: | South Hadley, MA | ADDRESS: | Waterford, CT |
| | | | **RECEIVED** Superior Court - Hampshire 3/25/2022 |
| Plaintiff Attorney: | Michael E Aleo | Defendant Attorney: | |
| ADDRESS: | Lesser Newman Aleo & Nasser, 39 Main St, Northampton, MA 01060 | ADDRESS: | |
| BBO: | 672071 | BBO: | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | | | ☒ YES  ☐ NO |

*If "Other" please describe:  Wage & Hour Claim, M.G.L. c. 149, §§ 148 and 150

**Is there a claim under G.L. c. 93A?**  ☐ YES  ☒ NO            **Is there a class action under Mass. R. Civ. P. 23?**  ☐ YES  ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

                                                                 Subtotal (1-5):  **$0.00**

B. Documented lost wages and compensation to date                         $100,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

                                                                 TOTAL (A-F):  **$100,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

This is a wage and hour claim for unpaid overtime wages, filed as a collective action under M.G.L. c. 149, §§ 148 and 150.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X  [signature]                    Date: March 25, 2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X  /s/ Michael Aleo                    Date:  March 25, 2022

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| | | |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | | |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | | |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | | |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | | |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | | |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | | |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | | |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | | |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | | |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.